## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| HIGHWAY TECHNOLOGIES, INC., *et al.*, | : | Case No. 13-11326 (KJC) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| JASON MCLAIN and THOMAS WACHSMAN, individually and on behalf of all other similarly situated former employees, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | Adv. Pro. No. 13- |
| v. | : | |
| | : | JURY DEMANDED |
| HIGHWAY TECHNOLOGIES, INC., | : | |
| | : | |
| Defendant. | : | |

### CLASS ACTION ADVERSARY PROCEEDING COMPLAINT FOR (1) VIOLATION OF THE WARN ACT 29 U.S.C. § 2101, *et seq.* AND (2) STATE WAGE PAYMENT LAWS

Plaintiffs Jason McLain and Thomas Wachsman (collectively, "Plaintiffs"), individually and as class representatives for all similarly situated individuals, by and through their undersigned counsel, bring this Adversary Complaint and make the following allegations against Highway Technologies, Inc. ("Highway Tech." or "Defendant"), in accordance with the numbered paragraphs set forth below:

### NATURE OF ACTION

1.      As of May 11, 2013, Highway Tech., operating its businesses as a single enterprise, employed approximately 825 full and part-time employees including Plaintiffs. At

times, Highway Tech. also hired additional employees and contractors on a project-by-project basis.

2.      On or about May 17, 2013, Highway Tech. terminated approximately 740 employees at 28 locations and effectively ceased operations to begin preparing for the orderly liquidation of its assets. Highway Tech. currently employs approximately 85 full and part-time employees.

3.      Plaintiffs bring this action on behalf of themselves and other similarly situated former employees who worked for Highway Tech. and were terminated without cause, as part of, or as the result of, plant closings, mass layoffs and terminations ordered by Defendant and who were not provided 60 days advance written notice of their terminations by Defendant, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq*.

4.      Defendant violated the WARN Act by knowingly failing to give Plaintiffs and other persons similarly situated, who are members of the class Plaintiffs seek to represent, at least 60 days prior notice of termination of their employment as required by that statute. As a consequence, Plaintiffs and the other similarly situated individuals are entitled to recover from Defendant, under the WARN Act, their wages and other employee benefits for 60 working days following the termination of their employment, which wages and benefits have not been paid.

5.      Plaintiffs and all similarly situated employees seek to recover 60 days of wages and benefits pursuant to the WARN Act from Defendant. Plaintiffs' claims, as well as the claims of all similarly situated employees, are entitled to first priority administrative expense status pursuant to 11 U.S.C. § 503(b)(1)(A) or, alternatively, wage priority status pursuant to 11 U.S.C. § 507(a)(4), (5).

2

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 1367 and 29 U.S.C. § 2104(a)(5).

7.      Venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5).

8.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (D).

## THE PARTIES

9.      Plaintiff Jason McLain ("McLain") was an employee of Defendant until the facilities were shut down on or about May 22, 2013.

10.     Plaintiff Thomas Wachsman ("Wachsman") was an employee of Defendant until the facilities were shut down on or about May 22, 2013.

11.     Plaintiffs seek to represent each and every individual employed by Defendant within ninety (90) days of May 22, 2013, who worked at a facility owned and operated by Defendant, who was terminated without sufficient notice under the WARN Act and the state WARN Acts, deprived of accrued vacation pay and severance pay in violation of the relevant state wage payment laws, and did not receive benefits to which they are entitled under ERISA.

12.     Defendant Highway Tech. is incorporated under the laws of the State of Massachusetts. Co-Debtor HTS Acquisition Inc. is incorporated under the laws of the State of Delaware. Prior to the Petition Date, Highway Tech. operated from 32 locations in 13 states including Arizona, California, Colorado, Florida, Illinois, Louisiana, Minnesota, Missouri, Montana, Nevada, New Jersey, Oregon and Texas.

## FACTUAL ALLEGATIONS

13.     According to the Debtors' Declaration of Robert Hookstra in Support of First Day Motions [13-11326 (KJC); Docket No. 3], Highway Tech. was one of the largest traffic safety companies in the United States and a national leader in providing temporary and permanent

3

roadway traffic management and safety services, including pavement marking installations, permanent installations of highway guardrails, barrier walls and signage, and traffic control services for special events. Highway Tech. was founded over thirty years ago.

14.    Plaintiff McLain worked for Highway Tech. until Highway Tech. closed its facilities and/or engaged in a mass layoff on or about May 22, 2013.

15.    Plaintiff Wachsman worked for Highway Tech. until Highway Tech. closed its facilities and/or engaged in a mass layoff on or about May 22, 2013.

16.    Highway Tech. maintained and operated its corporate headquarters in Houston, Texas with more than 50 employees working out of that location.

17.    Highway Tech. operated facilities – as that term is defined by the WARN Act – throughout the United States, employing a combined total of more than 740 workers at such facilities. The corporate headquarters and all other Highway Tech. additional facilities covered by the WARN Act and the state WARN Acts shall hereinafter be collectively referred to as the "Facilities."

18.    Until on or about May 22, 3013, or within 90 days of that date, the Plaintiffs and all similarly situated employees were employed by Defendant and worked at or reported to one of the Facilities.

19.    Upon information and belief, Defendant made the decision to terminate the employment of the Plaintiffs and the other similarly situated former employees on May 22, 2013, without having provided 60 days notice under the WARN Act and the state WARN Acts.

20.    At no time since May 22, 2013 have Plaintiffs or the other similarly situated former employees been paid the wages and benefits to which each is entitled.

4

## WARN CLASS ALLEGATIONS

21.    Plaintiffs, on behalf of themselves and all other similarly situated individuals, repeat and re-allege the allegations of the preceding paragraphs as though set forth fully herein.

### A.    DEFINITION OF THE CLASS

22.    Plaintiffs and the other similarly situated former employees constitute a Class within the meaning of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

23.    The Class is defined as all of those employees who worked at or reported to one of Defendant's Facilities and were terminated without cause on or about May 22, 2013, and/or within 90 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendant on or about May 22, 2013, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

### B.    NUMEROSITY

24.    The WARN Class is so numerous as to render joinder of all members impracticable as there are over 740 former employees believed to be in the Class. The identities of a majority of the Class members are presently unknown but are ascertainable through appropriate discovery.

### C.    EXISTENCE AND PREDOMINANCE OF COMMON ISSUES

25.    Common questions of law and fact are applicable to all WARN Class members.

26.    The common questions of law and fact arise from and concern the following facts and actions:

　　　　　　a.    all WARN Class members are former employees of Defendant;

　　　　　　b.    all WARN Class members enjoyed the protection of the WARN Act;

　　　　　　c.    Defendant terminated the employment of all the WARN Class members;

5

d.    Defendant terminated the employment of the WARN Class members without providing at least 60 days' prior written notice as required by the WARN Act; and

e.    Defendant failed to pay wages to the WARN Class members and failed to provide other employee benefits for the 60-working-day period following their respective terminations of their employment in violation of the WARN Act and the relevant state wage payment laws.

27.    The questions of law and fact common to the WARN Class members, as described above, predominate over any questions affecting only individual members, and thus, this class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## D.    TYPICALITY

28.    Plaintiffs' claims are typical of the claims of other WARN Class members.  All such claims arise out of Defendant's failure to provide notice under the WARN Act and to timely disclose to employees that they would be laid off as a result of the plant closing and/or mass layoffs, as well as Defendant's failure to provide payment pursuant to the relevant state wage payment laws.    Plaintiffs and other WARN Class members have suffered a common injury arising out of Defendant's common course of conduct as alleged herein.

## E.    ADEQUATE REPRESENTATION

29.    Plaintiffs will fairly and adequately protect and represent the interests of the WARN Class members and have no interest antagonistic to or in conflict with those of other WARN Class members.

30.    Plaintiffs have the time and resources to prosecute this action and have retained qualified counsel who have had extensive experience in matters involving employee rights, the

6

WARN Act, and federal and bankruptcy court litigation. Plaintiffs intend to prosecute this action vigorously for the benefit of the WARN Class members.

**F.    SUPERIORITY**

31.    A class action is superior to other available methods for a fair and efficient adjudication of this controversy because individual joinder of all WARN Class members is impractical. Furthermore, damages suffered by WARN Class members may be relatively small when compared to the expense and burden of individual litigation, which would make it difficult or impossible for individual WARN Class members to obtain relief. The interests of judicial economy favor adjudicating the claims of the WARN Class on a class-wide basis rather than an individual basis.

**G.    RISKS OF INCONSISTENT OR VARYING ADJUDICATION**

32.    Class treatment is proper in this proceeding in order to avoid inconsistent or varying adjudications with respect to individual WARN Class members, to conserve the judicial resources and the resources of the parties, and to provide the most efficient means of resolving the rights of all the members of the WARN Class.

33.    Pursuant to Fed. R. Civ. P. 23(a), the Class meets all the requirements for class certification.

34.    Class certification is also authorized by the WARN Act, 29 U.S.C. § 2104(a)(5).

**CLAIMS FOR RELIEF**

**COUNT I**
**VIOLATION OF THE WARN ACT, 29 U.S.C. § 2101 *ET SEQ.***

**(All Named Plaintiffs v. Highway Tech.)**

35.    Plaintiffs, on behalf of themselves and the WARN Class members, repeat and re-allege the allegations of the preceding paragraphs as if fully stated herein.

36.    At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

7

37.   At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business until it decided to order mass layoffs or plant closings at the Facilities.

38.   On or about May 22, 2013, Defendant ordered mass layoffs and/or plant closings at the Facilities, as those terms are defined by 29 U.S.C. § 2101(a)(2).

39.   The mass layoffs or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendants' employees as well as thirty-three percent (33%) of Defendants' workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

40.   Plaintiffs were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendant at the Facilities.

41.   Plaintiffs are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 2101(a)(5).

42.   Defendant was required by the WARN Act to give the Plaintiffs at least 60 days advance written notice of their terminations.

43.   Defendant failed to give the Plaintiffs written notice that complied with the requirements of the WARN Act.

44.   Plaintiffs are "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

45.   Defendant failed to pay Plaintiffs their respective wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation and other time off for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide

8

employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

**COUNT II**
**VIOLATION OF THE WARN ACT, 29 U.S.C. § 2101 *ET SEQ.***

**(Other Similarly Situated Employees v. Highway Tech.)**

46.     Plaintiffs, on behalf of themselves and other employees who were similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

47.     At or about the time that Plaintiffs were discharged or shortly thereafter, Defendant also discharged thousands of other similar situated employees (the WARN Class members).

48.     Pursuant to 29 U.S.C. § 2104(a)(5), Plaintiffs assert the claims raised in this proceeding on behalf of the WARN Class members for them or their benefit.

49.     At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

50.     At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business until they decided to order mass layoffs or plant closings at the Facilities.

51.     On or about May 22, 2013, Defendant ordered mass layoffs and/or plant closings at the Facilities, as those terms are defined by 29 U.S.C. § 2101(a)(2).

52.     The mass layoffs or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2), for at least fifty (50) of Defendant's employees as well as thirty-three percent (33%) of Defendant's workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

9

53.     The WARN Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendant at the Facilities.

54.     The WARN Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 2101(a)(5).

55.     Defendant was required by the WARN Act to give the WARN Class Members at least 60 days advance written notice of their terminations.

56.     Defendant failed to give the WARN Class members written notice that complied with the requirements of the WARN Act.

57.     Each of the WARN Class members are "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

58.     Defendant failed to pay each of the WARN Class members their respective wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation and other time off for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

PHIL1 2830205v.1

## COUNT III
## <u>VIOLATION OF STATE WAGE PAYMENT LAWS</u>[1]

### (Plaintiffs and the WARN Class members v. Highway Tech.) [2]

59.     Plaintiffs, on behalf of themselves and other employees who were similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

60.     At all pertinent times hereto, Defendant was an "employer" under the relevant state wage payment laws.

61.     As part of their employment with Defendant, Plaintiffs and the putative WARN Class members were each promised certain payments in the form of wages, salary, vacation benefits and other paid leave, bonuses, retention bonuses or deferred compensation pursuant to Defendant's practice and/or policy.

62.     Plaintiffs and the putative WARN Class members fully complied with all terms of their employment, and, yet, the Defendant made the deliberate decision to not honor the

---

[1] Upon information and belief, Defendant's failure to provide payment for wages, bonuses, accrued vacation, and other paid leave is a violation of the wage payment laws of Arizona (Ariz. Rev. Stat. §§ 23-350, 23-353, 23-355), California (Cal. Lab. Code §§ 203, 204.3, 218.5, 218.6, 227.3), Colorado (Colo. Rev. Stat. §§ 8-4-101(8)(a), 8-4-109), Connecticut (Conn. Gen. Stat. §§ 31-71, 31-71c, 31-71g, 31-76k), District of Columbia (*Jones v. District Parking Managers*, 268 A.2d 860 (1970); *NRA v. Ailes*, 428 A.2d 816 (1981)), Illinois (820 Ill. Comp. Stat. 115/5, 115/11, 115/13, 115/14a), Indiana (Ind. Code § 22-2-5-2), Iowa (Iowa Code §§ 91A.2(7), 91A.4, 91A.8), Kentucky (Ky. Rev. Stat. Ann. §§ 337.010(1)(c)(1), 337.055), Louisiana (La. Rev. Stat. Ann. §§ 23:631A, 23:631D, 632), Maine (Me. Rev. Stat. Ann. §§ 626, 626-A, 629-A), Maryland (Md. Code Ann., Lab. & Empl. §§ 3-501, 3-505, 3-507.2), Massachusetts (Mass. Gen. Law 149:148), Minnesota (Minn. Stat. §§ 181.13, 181.74), Missouri (Mo. Rev. Stat. § 290.110), Montana (Mont. Code Ann. § 39-3-205), Nebraska (Neb. Rev. Stat. § 48-1228 *et seq*), New Hampshire (N.H. Rev. Stat. Ann. §§ 275:43, 275:44, 275:53), New Jersey (N.J.S.A. §§ 34:11-57, 34:11-66), New York (N.Y. Lab. Law §§ 191, 198, 198-C), North Carolina (N.C. Gen. Stat. §§ 95-25.2(16), 95-25.7, 95-25.12), North Dakota (N.D. Cent. Code §§ 34-14-03, 46-02-07-02), Ohio (Ohio Rev. Code §§ 124.13), Oklahoma (Okla. Stat. tit. 40, § 165.3, Okla. Admin. Code § 380:30-1-5), Oregon (Or. Rev. Stat. §§ 652.140, 652.150), Pennsylvania (Pa. Cons. Stat. §§ 260.2a, 260.5), Rhode Island (R.I. Gen. Laws § 28-14-4), South Carolina (S.C. Code Ann. §§ 41.10.10, 41.10.50), Tennessee (Tenn. Code Ann. § 50-2-103), Texas (Tex. Lab. Code Ann. § 61.001 *et seq*), West Virginia (W. Va. Code § 21-5-4), Wisconsin (Wis. Stat. § 109.03), and Wyoming (Wyo. Stat. Ann. §§ 27-4-104(a), 27-4-501).

[2] Plaintiffs will seek class certification for each of these groups of employees by state (the "State Employees"). Each group of State Employees satisfies the requirements of F.R.C.P. 23 set forth in Paragraphs 20-32.

11

payments to be made to them under the terms of their employment and the Defendant's practice and/or policy.

63.    Defendant's actions are in violation of the relevant state wage payment laws, as a failure to pay earned wages, and, as this was willful, are subject to payment of a penalty in accordance with such laws. *See* FN1, *supra*.

64.    As a result of these said violations of state wage payment laws, Plaintiffs and the putative WARN Class members are entitled to payment of their respective lost wages as well as applicable fees and penalties.

**WHEREFORE**, Plaintiffs and the WARN Class members, demand judgment, against Defendant as follows:

A) Certification of this action as a Class Action;

B) Designation of the Plaintiffs as the Class Representatives;

C) Appointment of the undersigned attorneys as Class Counsel;

D) A first priority administrative expense claim against Highway Tech. pursuant to 11 U.S.C. § 503(b)(1)(A) in favor of the Plaintiffs and the other similarly situated former employees equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other COBRA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A), including any civil penalties; or, alternatively, determining that the first $11,725 of the WARN Act claims of the Plaintiffs and each of the other similarly situated former employees are entitled to priority status under 11 U.S.C. § 507(a)(4), and the remainder is a general unsecured claim; and

12

E) An allowed administrative-expense priority claim under 11 U.S.C. § 503 for the reasonable attorneys' fees and the costs and disbursements that the Plaintiffs incur in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6), the WARN Act and/or other applicable laws.

F) Such other and further relief as this Court may deem just and proper.

Dated: May 30, 2013                    KLEHR HARRISON HARVEY BRANZBURG LLP

By:     /s/ Sally E. Veghte
        Sally E. Veghte (DE Bar No. 4762)
        919 Market Street, Suite 1000
        Wilmington, Delaware 19801
        Telephone:  (302) 552-5503
        Facsimile:   (302) 426-9193
        sveghte@klehr.com

        - and -

        Charles A. Ercole, Esquire*
        Carianne P. Torrissi, Esquire*
        Kathryn E. Perkins, Esquire*
        1835 Market Street, Suite 1400
        Philadelphia, PA  19103
        Telephone: (215) 569-2700
        Facsimile: (215) 568-6603
        cercole@klehr.com
        ctorrissi@klehr.com
        kperkins@klehr.com

        Trey Dayes, Esquire*
        Phillips Dayes Law Group, P.C.
        3101 North Central Avenue Suite 1500
        Phoenix, AZ  85012
        Telephone:  (602) 288-1610
        Facsimile:  (602) 288-1664
        treyd@phillipsdayeslaw.com

        *Attorneys for Plaintiffs pending
        Pro Hac Vice admission

13